SCHOOL COMMITTEE OF HANOVER *vs.* JOHN CURRY & others.[1]

Suffolk. January 6, 1976. — February 3, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Hanover. School and School Committee. Arbitration. Labor. Contract,* Collective bargaining contract.

A decision by a school committee to abolish a position of supervisor of music was a matter of educational policy within the exclusive prerogative of the school committee under G. L. c. 71, § 37, and as such could not be delegated for determination by an arbitrator pursuant to a collective bargaining agreement. [685]

PETITION filed in the Superior Court on May 16, 1974, to vacate the award of an arbitrator.

The case was heard by *Zarrow,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

---

[1] John Curry and other named persons individually and as representatives of the membership of the Hanover Teachers' Association, an unincorporated association.

*Charles M. Healey, III (Brian A. Riley* with him) for Hanover Teachers' Association.

*Paul J. Kingston (Robert W. Garrett* with him) for the School Committee of Hanover.

*Jeffrey M. Freedman,* for Massachusetts Teachers Association, and *Austin Broadhurst & Philip S. Lapatin,* for the Massachusetts Association of School Committees, amici curiae, submitted briefs.

BRAUCHER, J.  The Hanover school committee (committee) unilaterally abolished the position of supervisor of music, and the Hanover Teachers' Association (association) invoked the arbitration provisions of the collective bargaining agreement on behalf of the employee involved.  The Appeals Court held that the abolition of the position "was committed to the exclusive, nondelegable decision of the school committee by G. L. c. 71, § 37, . . . that the issue here should not have been submitted to the arbitrator for decision and that his decision was a nullity." *School Comm. of Hanover* v. *Curry,* 3 Mass. App. Ct. 151, 159 (1975).[a]  Substantially for the reasons given by the Appeals Court, we agree with its decision, but we think it appropriate to point out that this decision must be read together with our decision in *School Commn. of Braintree* v. *Raymond,* decided today, *post* 686 (1976).

Since the case is stated fully in the comprehensive opinion of the Appeals Court, we set forth only a brief summary of the facts.  The collective bargaining agreement between the parties was effective for two years ending August 31, 1973.  Early in 1973 the committee decided to abolish the position, effective September 1, 1973, and the association and the affected employee filed grievances.  After discussion between the parties the committee adhered to its position, and the parties submitted to arbitration the issues, "Did the School Committee violate the Agreement by eliminating the position

---

[a]  325 N.E.2d 282, 287 (1975).

of Supervisor of Music? If so, what should the remedy be?"

The arbitrator upheld the grievance, ruled that the committee, in eliminating the position, did violate the agreement, and ordered the employee reinstated to his former position and made whole for earnings lost. On the committee's application under G. L. c. 150C, § 11 (a) (3), the Superior Court vacated the award, and the Appeals Court affirmed. We allowed the association's application for further appellate review, and we also affirm.

The arbitrator has ruled that the collective bargaining agreement prevented the committee from abolishing a supervisory position, even though the abolition was not to take effect until after the agreement expired. We do not review the arbitrator's interpretation of the agreement, since that subject is committed to the arbitrator by the agreement. But, for the reasons given by the Appeals Court, we hold that it was beyond the power of the committee to bind itself to that result or to delegate to an arbitrator the power so to bind the committee. The arbitrator therefore exceeded his powers, and the Superior Court properly vacated his award. G. L. c. 150C, § 11 (a) (3). "Public policy, whether derived from, and whether explicit or implicit in statute or decisional law, or in neither, may . . . restrict the freedom to arbitrate. . . . Key to the analysis is that the freedom to contract in exclusively private enterprises or matters does not blanket public school matters because of the governmental interests and public concerns which may be involved, however rarely that may ever be." *Susquehanna Valley Cent. School Dist. at Conklin* v. *Susquehanna Valley Teachers' Ass'n,* 37 N.Y.2d 614, 616-617 (1975).

The order of the Superior Court vacating the award is affirmed. Judgment is to be entered to that effect.

*So ordered.*