SCHOOL COMMITTEE OF WEST BRIDGEWATER *vs.* WEST BRIDGEWATER TEACHERS' ASSOCIATION & others.[1]

Suffolk.    January 7, 1977. — March 8, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Arbitration.   School and School Committee.   Contract,* Collective bargaining contract.   *Municipal Corporations,* Collective bargaining. *Labor.*

Although a decision by a school committee not to renew a nontenured teacher's contract could not properly be submitted to arbitration, the alleged failure of the committee to adhere to evaluation procedures required by a collective bargaining agreement was arbitrable. [122-125]

Where a school committee did not adhere to teacher evaluation procedures contained in a collective bargaining agreement prior to making its decision not to renew the contract of a nontenured teacher, an arbitrator had the authority to order the payment of compensation to the teacher attributable to all or part of the next subsequent school year. [125-126]

In an arbitration proceeding under a collective bargaining agreement between a school committee and a teachers association, an award by an arbitrator ordering the reinstatement of a teacher who has been treated unfairly by the committee's failure to adhere to required evaluation procedures does not impinge on the committee's nondelegable prerogatives. [126-127]

CIVIL ACTION commenced in· the Superior Court on March 19, 1976.

[1] Certain officers of the association are named as defendants as they are members and representatives of the association. The teacher, Patricia Mayer, whose grievance is the subject of this proceeding, is also named as a member and representative of the association. We granted the association's request for direct appellate review in this case.

The case was heard by *Lynch,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Charles M. Healey, III*, for the defendants.

*Robert W. Garrett* (*Paul J. Kingston* with him) for the plaintiff.

*Frederick V. Casselman* for the Labor Relations Commission, amicus curiae, submitted a brief.

WILKINS, J.  This is the last of three cases we decide today concerning the right of a nontenured teacher to arbitration of certain grievances associated with a decision of a school committee not to renew that teacher's employment for another school year.

In this case, unlike the prior two cases, the arbitration proceeding has been concluded. The arbitrator determined that the plaintiff school committee violated the collective bargaining agreement by failing to follow certain teacher evaluation procedures and ordered that the teacher be reinstated immediately with full back pay and other benefits. The school committee commenced this proceeding in the Superior Court seeking an order vacating the award. In response, the defendant association sought confirmation of the award.

The judge viewed the question as primarily whether the school committee's decision not to renew the contract of the nontenured teacher could be the subject of binding arbitration. He concluded that a decision not to renew the contract of a nontenured teacher was not arbitrable and entered a judgment which vacated the award. He also stated that, even if the question were arbitrable, reinstatement would not be a permissible form of relief. For the reasons expressed today in *School Comm. of Danvers* v. *Tyman, ante,* 106, 111-112, 113, and *Dennis-Yarmouth Regional School Comm.* v. *Dennis Teachers Ass'n, ante,* 116, 120, we vacate the judgment. Although the decision not to renew the teacher's contract could not properly be submitted to arbitration, the question of the failure of the school committee to adhere to teacher evaluation pro-

cedures before making that decision was arbitrable. That question was submitted to the arbitrator and decided by him adversely to the school committee. Judgment should be entered confirming the arbitrator's award in so far as it granted the teacher pay for the subsequent school year for which she was not rehired.

Patricia Mayer had been hired by the school committee as a nontenured teacher during the school years 1973-1974 and 1974-1975. On April 8, 1975, the school committee advised Mayer in writing that she had not been reappointed for the subsequent school year. The association filed a grievance concerning the school committee's failure to rehire Mayer, and later that grievance was submitted to arbitration. The issue agreed on by the parties and submitted to arbitration was: "Did the School Committee violate the collective bargaining agreement by the manner in which it failed to reemploy ... [Mayer] for the 1975-1976 school year, and if so, what shall the remedy be?" A hearing was held in the fall of 1975, and an award was made in favor of Mayer in February, 1976. In March, 1976, Mayer was reinstated to her teaching position, but the school committee also filed its application under G. L. c. 150C, § 11, to vacate the award.

The arbitrator concluded that the contract violations were "of a nature far more serious than technical violations ... acquiescence in which may deprive an employee of retrospective relief." The collective bargaining agreement provided that all observations of teaching performance were to be conducted openly and with full knowledge of the teacher involved. Any written report of a teacher's performance had to be given to the teacher and discussed with him or her. The teacher was entitled to file an answer in writing to any complaint against him or her. Mayer was not advised of classroom observations. Nor was she advised of a recommendation not to reemploy her made to the school committee before a March, 1975, evaluation meeting at which she was shown formal evaluation sheets which not only contained no negative recommendations but set forth, as the arbitrator found, "favorable

124 372 Mass. 121

School Comm. of W. Bridgewater *v.* W. Bridgewater Teachers' Ass'n.

evaluations of every criterion and expressly stated an unqualified recommendation that ... [Mayer] be rehired for 1975-1976." Mayer was not advised of the recommendation not to renew her contract prior to the school committee's vote not to renew it. This circumstance made it impossible for Mayer (1) to answer certain arguably unwarranted conclusions on which the recommendation not to renew was based, (2) to make corrections in her performance, and (3) to disclose to the school committee the absence of any opportunity to rebut any complaints against her. Because the violations of Mayer's rights frustrated the purpose of the evaluation procedures in the agreement, the arbitrator directed "reinstatement with full back pay, seniority and other benefits, minus any interim earnings from gainful employment."

We think it is instructive to have recited certain of the arbitrator's findings concerning the school committee's failure, through its agents, to accord Mayer her contractual rights with respect to evaluation of her teaching performance. These circumstances show how teacher evaluation procedures may serve the public interest without intruding into any exclusive prerogative of the school committee. Teacher evaluation procedures, properly carried out, may assist the teacher in improving his or her capabilities to the benefit of the students. They may give the teacher an advance warning that he or she may not be granted continued employment, thus permitting him or her to consider the necessity of seeking alternative employment. Such procedures may permit the teacher to meet and correct improper or incomplete information which otherwise could be relied on by the school committee in making a decision concerning renewal of the teacher's contract. Proper teacher evaluation processes, therefore, reasonably may be expected to improve the quality of teaching, to mitigate the harsh abruptness of an unexplained, last-minute negative renewal decision, and to enhance the quality of decisions concerning employment and tenure. For these reasons, we see no conflict with nondelegable rights when a school committee agrees to

such procedures and further agrees to submit to binding arbitration any claim that it failed to adhere to those evaluation procedures.

We are left then to consider what restraints, if any, are imposed on the scope of an award which is made following an arbitrator's determination that teacher evaluation procedures were not followed. In our opinion in *School Comm. of Danvers* v. *Tyman, supra* at 110-111, 114, we discussed a number of options available to an arbitrator which clearly would not intrude in any respect into the nondelegable rights of a school committee. We noted there a decision of the Court of Appeals of New York which upheld an arbitrator's award of reinstatement without tenure of a probationary teacher so that an evaluation of the teacher could be made under proper procedures. *Board of Educ., Bellmore-Merrick Cent. High School Dist., Nassau County* v. *Bellmore-Merrick United Secondary Teachers, Inc.,* 39 N.Y.2d 167 (1976). In the case now before us, we recognize that it is not necessary to pass on a reinstatement award because Mayer has already been reinstated for the balance of the next succeeding school year (beginning in March), and only the question of her entitlement to back pay for the earlier portion of that year is now in significant dispute.

We have no hesitancy in concluding that, where teacher evaluation procedures were not followed to the possible detriment of a teacher, an arbitrator has the authority to order the payment of compensation attributable to all or part of the next subsequent school year.[2] We have held that an arbitrator may make an award of lost compensation in favor of an aggrieved teacher, although an attempted reinstatement of a supervisory teacher to an abolished position was an impermissible intrusion into the authority of the school committee. *School Comm. of Braintree* v. *Raymond,* 369 Mass. 686, 691 (1976). The circum-

---

[2] No question is raised here of the availability of appropriated funds for the payment of such an obligation. See *Teachers Local 66* v. *School Comm. of Boston,* 370 Mass. 455 (1976).

stance that the collective bargaining agreement has expired in no way restrains the arbitrator from granting relief in the form of compensation for all or part of a subsequent school year. As a practical matter, a contrary result would bar any substantial relief for violations committed during the final year of such an agreement.

Although we would prefer to deal with the question of an arbitrator's right to order reinstatement of an aggrieved nontenured teacher for a further probationary year in the context of a live controversy, the delays inherent in grievance procedures culminating in arbitration and in any judicial review of an award directing reinstatement make it likely that the question would be moot by the time any such controversy reached the appellate level. Consequently, we shall state our views on the subject. Chapter 150E of the General Laws (see § 8) permits agreements providing for binding arbitration of disputes between a public employer and an employee or employee organization and directs that the arbitration decision is enforceable under G. L. c. 150C. Section 11 (a) (5) of G. L. c. 150C, inserted by St. 1959, c. 546, § 1, concerning vacating or failing to confirm an award, provides in part that "the fact that the award orders reinstatement of an employee with or without back pay or grants relief . . ." that a court could or would not grant "shall not be ground for vacating or refusing to confirm the award." We have recognized that flexibility should be available to an arbitrator in making an award. *Teachers Local 66* v. *School Comm. of Boston,* 370 Mass. 455, 467-468 (1976). Reinstatement is thus recognized as an acceptable result of arbitration, although under standard principles of contract law and of equitable remedies such a result would not or might not be ordered. Granting that tenure cannot be ordered, the question is what, if any, nondelegable power of a school committee might be overridden by an arbitration award directing reinstatement of a nontenured teacher. Certainly if the arbitrator awarded a remedy of either a year's salary or reinstatement, as the school committee may choose, the award would not override the school committee's reserved

372 Mass. 121                                    127

School Comm. of W. Bridgewater *v.* W. Bridgewater Teachers' Ass'n.

authority. In a 1973 opinion, we left open the question whether reinstatement of a teacher for one year could be ordered by an arbitrator.[3]

We think that reinstatement of a nonsupervisory teacher who had been treated unfairly because of the breakdown of required teacher evaluation procedures would not impinge on a school committee's nondelegable prerogatives. We agree with the conclusions of the Court of Appeals of New York in *Board of Educ., Bellmore-Merrick Cent. High School Dist., Nassau County* v. *Bellmore-Merrick United Secondary Teachers, Inc.,* 39 N.Y.2d 167, 173 (1976), where the court said, "The temporary reinstatement awarded here does not eviscerate the public policy mandate that a board of education evaluate the requisite competence and merit of a teacher before the conferral of tenure. ... The award merely requires that ... [the board of education] follow procedures it has agreed to adopt in its decision-making process in the area of tenure." (Citations omitted.)

We would hope that arbitrators would not award reinstatement of a teacher whose presence, on substantial grounds, would be inappropriate. See *School Comm. of Danvers* v. *Tyman, supra* at 114. We leave to another day the possibility of a case, unlike the one before us, where, although contractual procedures for teacher evaluation were not followed, an award of reinstatement of a teacher should be vacated because the teacher's con-

---

[3] In *Doherty* v. *School Comm. of Boston,* 363 Mass. 885 (1973), the arbitrator found a contract violation and awarded a nonsupervisory teacher compensation for a year for which he had not been reappointed. A Superior Court judge affirmed the award in this respect, and the school committee did not challenge that determination on appeal. The teacher did appeal, however, seeking reinstatement to his position. This court indicated that the arbitrator could not supersede the discretion legislatively vested in the superintendent of schools and declined to uphold an award directing reinstatement "[a]t least for the year subsequent to the year to which the grievance refers ...." That opinion, therefore, did not pass on the question of an award which ordered reinstatement during the year for which a teacher might have been reappointed if the school committee had not violated the terms of a collective bargaining agreement.

tinued service would violate some fundamental principle concerning the management of a school system and a school committee's right to decide who should teach in its system.

The judgment is vacated. A new judgment shall be entered denying the school committee's application to vacate the arbitrator's award and confirming that award.

*So ordered.*