CITY OF BOSTON *vs.* BOSTON POLICE SUPERIOR OFFICERS FEDERATION. April 15, 1980. The defendant appeals from a judgment of the court vacating the arbitrator's award of differential back pay to the defendant[1] on the ground that the arbitrator had exceeded his authority. G. L. c. 150C, § 11(a) (3). We affirm. The issue was whether the following question was a proper dispute for arbitration: whether the police commissioner for the city of Boston (commissioner) had the power to assign a police lieutenant (promoted provisionally to the rank of captain under G. L. c. 31, § 15F, as in effect prior to St. 1978, c. 393, § 11) for temporary service as acting captain in District 15 because his busing experience was deemed a necessary qualification for the job, rather than promoting a lieutenant from that district as provided in art. XIII, § 3, of the parties' collective bargaining agreement. The defendant argues that the arbitrator's award was within the scope of the reference submitted to him. We think the judge was correct in ruling that the matter was made nonarbitrable by statutory provisions.

In assigning the police officer to District 15, the commissioner exercised his inherent managerial power to assign and transfer superior officers. The commissioner's authority is derived from St. 1906, c. 291, as amended by St. 1962, c. 322, § 1 (*Boston* v. *Boston Police Patrolmen's Assn.*, 8 Mass. App. Ct. 220, 226-227 [1979]), in particular, c. 291, § 10, which grants the commissioner "authority to appoint . . . and organize the police . . . [and to] appoint . . . captains and other officers as he may from time to time deem proper," and, § 11, giving the commissioner "cognizance and control of the government, administration [and] disposition . . . of the department . . . ." Although G. L. c. 150E, § 7(*d*), gives collective bargaining agreements precedence over certain enumerated statutes, c. 291 is not among those listed. Therefore, the provisions of

---

[1] The parties stipulated before the arbitrator that the grievant was the defendant, and not individual superior officers, and that any back pay award should be made to the defendant, which would allocate appropriate sums to any individual officers entitled to compensation.

c. 291 prevail over art. XIII, § 3, which purports to limit the commissioner's authority to assign superior officers by delineating the procedure for promoting officers from a district in which a temporary vacancy occurs and for which no civil service list exists, based on qualifications, ability, and seniority. See *Berkshire Hills Regional Sch. Dist. Comm. v. Berkshire Hills Educ. Assn.*, 375 Mass. 522, 527 (1978). In light of the statutory mandate granted to the commissioner under c. 291, we conclude that assignment by the commissioner of a police officer for temporary duty is a decision committed to the nondelegable authority of the commissioner, and was not a proper matter for arbitration. The arbitration award was properly vacated. *School Comm. of Hanover v. Curry*, 369 Mass. 683, 685 (1976). *Berkshire Hills Regional Sch. Dist. Comm. v. Berkshire Hills Educ. Assn., supra* at 526-527. Contrast *School Comm. of West Springfield v. Korbut,* .373 Mass. 788, 793-797 (1977).

*Judgment affirmed.*

*Gerard S. McAuliffe* for the defendant.
*Dennis G. Austin,* Assistant Corporation Counsel, for the plaintiff.