**Henry KELLEY, II, as he is chairman, and Henry C. BOLES, S. Russell KINGMAN, Donald MONCEVICZ, and Richard SHEA, as they are the selectmen of the Town of Dennis, Plaintiffs**

**vs.**

**James S. COOPER, as he is chairman, and Madeline H. MICELLI, and Henry C. ALARIE, as they are commissioners, together constituting the MASSACHUSETTS LABOR RELATIONS COMMISSION, Defendants**

**No. 16024**

Superior Court
Commonwealth of Massachusetts

**December 17, 1981**

## MEMORANDUM OF DECISION

This case comes before the Court for a second time after an initial remand to the Massachusetts Labor Relations Commission (commission). Again, the selectmen seek review of a decision of the commission ordering the Town of Dennis to reinstate one Barry Springer as a police officer in the town. The facts have been found by the commission and are amply limned by the Appeals Court in affirming the decision of this Court in a related case tried with this one. See, **International Brotherhood of Police Officers v. Labor Relations Comn.**, Mass. App. Ct. Adv. Sh. (1981) 209. Consequently, they need not be repeated here. **Albanese's case,** Mass. Adv. Sh. (1979) 1171, 1172, n.2. It suffices to say that the findings of the commission are supported by substantial evidence, G.L.c. 30A, § 1(6), and that the commission has properly applied the "but for" test - both in substance and with respect to burden of proof and persuasion - as set forth in this Court's opinion of June 8, 1978, affirmed by the Appeals Court in **International Brotherhood of Police Officers v. Labor Relations Comn.**, Mass. App. Ct. Adv. Sh. (1981) 209, 214, and now finally settled as the law of the Commonwealth by **Trustees of Forbes Library v. Labor Relations Comn.**, Mass. Adv. Sh. (1981) 2183.[1]

Two points which, in view of the initial remand order need not have been addressed earlier, now remain for decision. The order of the commission reinstates Barry Springer as "a tenured police patrolman" and awards him interest at a rate of "seven percent (7%) per annum."

---

1. Oddly, the decision of the Supreme Judicial Court in the **Forbes Library** case made no mention of the earlier Appeals Court decision in the **International Brotherhood of Police Officers** case even though that decision quite clearly adopted the "but for" test for employee discharge cases in Massachusetts, Mass. App. Ct. Adv. Sh. (1981) at 214, relied upon the same line of federal decisions as were found persuasive in the **Forbes Library** case and was recognized by the Bar as establishing the "but for" rule. See, **Paulson,** "Labor and Employment Discrimination Law," **Recent Developments in Federal and Massachusetts Law** (MCLE-NELI, 1981) 1x-32.

James A. Toomey, Hinckley, Allen, Salisbury & Parsons; Nancy Hall McMillen, Barkley D. McMillen, counsel for plaintiff.
Robert B. McCormack, Robert J. Canavan, counsel for defendant.

The selectmen contend that both the tenure order and the award of interest are beyond the powers of the commission. They are partially correct.

The Town of Dennis has adopted the 5-year tenure statute added as sections 126-132 inclusive to chapter 41 of the General Laws by St. 1973, c. 170. That statute provides for a detailed procedure leading an appointive town official to tenured status. Persons holding appointive office in a town for at least five consecutive years are eligible to apply for tenure, G.L.c. 41, sec. 127, or their department head may apply for tenure on their behalf. G.L.c. 41, sec. 131. There follows an initial vote by the selectmen of the town which, if favorable, is ultimately followed by submission to the Town Meeting for its approval. Only if both selectmen and the Town Meeting vote for tenure will it be conferred. G.L.c. 41, sec. 129, 131. "Any person granted tenure of office under these provisions shall, notwithstanding any contrary provision of the general or special laws, hold office during good behavior until he has attained age sixty-five unless incapacitated by mental or physical disability from performing the duties thereof, but may be removed for cause after a hearing". G.L.c. 41, sec. 127. Where less drastic measures will accomplish the broad public purposes of G.L.c. 150E, sec. 11, the commission has no power to displace these detailed legislative provisions dealing with the granting or withholding of tenure within a town. See generally, **School Committee of Hanover v. Curry,** 369 Mass. 683 (1976); **School Committee of Danvers v. Tynan,** 372 Mass. 106 (1977); **School Committee of West Bridgewater v. West Bridgewater,** 372 Mass. 121 (1977).

This is not to say, however, that Barry Springer is to be disadvantaged in any way on account of the wrongful termination of his employment by the selectmen on December 13, 1974. Barry Springer was appointed as a full-time officer of the Dennis Police Department on January 1, 1973. His employment was wrongfully terminated on December 13, 1974. Had he been consecutively appointed for five years, he would have been eligible to apply for tenure on January 1, 1978, G.L.c. 41, secs. 127, 129, or the Chief of Police would have been permitted to apply for tenure for him. G.L.c. 41, sec. 131. The period following the wrongful termination of his employment must necessarily be considered by the selectmen and the members of the Town Meeting as a period of satisfactory consecutive police service in view of the reinstatement order which is here affirmed. Moreover, no lack of experience may be charged against Mr. Springer since it was the selectmen who were at fault for wrongfully depriving him of the opportunity to gain experience with the Dennis Police Department. In short, it is appropriate to fashion an order which reinstates Barry Springer, permits him to apply for tenure, and requires that he be judged solely on the basis of his capacity as a police officer in precisely the manner that he would be judged were he to have consecutively and satisfactorily served in that capacity from December 13, 1974 until the time of his reinstatement.

The challenge then is to strike a balance between the proper exercise of personnel-management decisions confided by the Legislature to the selectmen and the Town Meeting members and the full protection of the individual against job discrimination for engaging in protected activity. It makes no sense to remand the matter to the commission for the fashioning of such an order, since the injury to Mr. Springer occasioned by the further delay such a course would entail would outweigh the benefits he might ultimately derive from an order drafted by the commission by falling within the scope of its powers. Instead, this Court can appropriately accomplish the same result by modifying the commission order to strike the word "tenured" and require that:

(1) should Mr. Springer, within sixty days of his actual reinstatement, apply for

tenure as an officer of the Dennis Police Department; and

(2) should either the selectmen or the members of the Town Meeting disapprove Mr. Springer's application for tenure; and

(3) should Mr. Springer thereafter timely file a complaint of prohibited practice with the Massachusetts Labor Relations Commission,

then Mr. Springer may not be removed from office unless incapacitated by physical or mental disability from performing the duties thereof or for cause after hearing as provided by sections 41 to 45 inclusive, of chapter 31 of the General Laws for a period terminating not earlier than sixty (60) days following the completion without further right of appeal of such administrative and judicial proceedings as the complaint of prohibited practice may entail.

Such an order does two things. First, it preserves for the selectmen and the members of the Town Meeting the right to properly determine personnel matters for themselves - a right which the Legislature guarantees them. Second, it preserves for Mr. Springer all the benefits of tenured status during the full period within which he has recourse to the detached and neutral evaluation of his application for tenure by administrative and judicial authorities in the event that he claims that the taint of prohibited anti-union practices continues to haunt his career development.

The next issue is that of interest. Actually, this issue has three aspects: the legal basis for such an award, the manner of its computation, and the rate of interest allowed.

On the first point - whether interest may be allowed at all - the selectmen rely on **Mass v. Cooper,** Suffolk Superior Court No. 29524, see, recommendation of the Special Master dated May 30, 1979 and summary judgment pursuant to Mass. R. Civ. P. 56 dated July 5, 1979. It appears that in the **Mann** case the commission ordered reinstatement, backpay, and interest at seven percent (7%) per annum. Upon the recommendation of the Special Master and relying upon **Broadhurst v. The Director of the Division of Employment Security,** 373 Mass. 720, 725-727 (1977) (Quirico, J.), the Court concluded that "No interest may be granted under G.L.c. 150E, sec. 11" and remanded the case to the commission for further proceedings in accordance with the recommendation of the Special Master. This order for remand operates as a final judgment with respect to concluding the legal issues fully argued before the Court. **Cliffhouse Nursing Home, Inc. v. Rate Setting Comn.,** Mass. Adv. Sh. (1970) 1395, 1397-1398. Since it was open to the commission to appeal this issue and it has not done so, it is precluded from relitigating this same issue when it arises out of precisely the same statutory language in another case. **Boyd v. Jamaica Plain Cooperative Bank,** Mass. App. Ct. Adv. Sh. (1979) 337, 344-345. Restatement (2nd) of judgments, section 68 (tent. draft no. 4, 1977). See, **Montana v. United States,** U.S., 99 S. Ct. 970 (1979); **Morganelli v. Building Inspector of Hampton,** Mass. App. Ct. Adv. Sh. (1979) 814, **further review denied,** Mass. App. Ct. Adv. Sh. (1979) 1610. Compare, **Rudow v. Fogel,** 376 Mass. 587, 591-592 (1978) (Kaplan, J.). While this Court has grave doubts concerning the propriety of the result reached in **Mann,**[2] and would, were the

---

2. I count it significant that the cognate Federal statute, the National Labor Relations Act, 29 U.S.C. sec. 151 et seq., is equally silent concerning the question of interest, yet the federal courts have upheld awards of interest on back pay orders for some time, **Isis Plumbing & Heating Co.,** 138 N.L.R.B. 716, 51 LRRM 1122 (1962) **reversed on**

**Mann** case dispositive of this issue, see, **The Hearst Corp. v. A. Walk, Inc.**, Mass. App. Ct. Adv. Sh. (1981) 1703, 1704, report the question for appellate review pursuant to Mass. R. Civ. P. 64 following the procedure discussed in **White Construction Co., Inc. v. Commonwealth**, Mass. App. Ct. Adv. Sh. (1981) 699, 601, there is no occasion to do so here since this Court has independant authority to order interest imposed upon the back pay award.

> (I)f the court finds that the action of the appointing authority in discharging, removing suspending, laying off, lowering in rank or compensation or abolishing his position, or the action taken by the appointing authority, was not justified, the employee shall be reinstated in his office or position without loss of compensation and the court shall assess reasonable costs against the employer:

G.L.c. 30A, sec. 14(7). Under the authority of this provision, therefore, this Court[3] has the authority to award interest to avoid an actual and practical "loss of compensation" to Barry Springer arising from the failure to pay him in a timely manner the money which he otherwise would have had for his use and benefit. See, **Rogers v. United States**, 332 U.S. 371, 373 (1974). Moreover, the wrong suffered by Barry Springer here was in the nature of a breach of contract. As a properly appointed police officer, Mr. Springer had the right to rely upon the selectmen to discharge their obligation with respect to his contract of employment in accordance with the law. See generally, **Gram v. Liberty Mutual Ins. Co.** Mass. Adv. Sh. (1981) 2287, 2296-2300. This they have manifestly failed to do. In addition to offending against the labor relations laws of the commonwealth, such conduct by the selectmen is in the nature of a breach of a contractural obligation and thus warrants the imposition of interest from the date of demand for redress - in this case December 17, 1974, the date of the filing of the complaint of prohibited practice. See G.L.c. 231, sec. 6C. Accordingly this Court, on its own authority, will award interest on the back pay order from that date.

Of course, interest connot be computed starting in late 1974 on the entire amount of the back pay award. The back pay award necessarily covers those sums which Mr. Springer would have earned had his employment not been wrongfully terminated less the sums he actually earned over the same period. The approach to the interest computation used by the commission appears correct and workable. That is, interest will be computed on a quarterly basis upon the difference between the rate of pay for a Dennis patrolman in the position Mr. Springer ought to have occupied and the sums that he actually earned.

Finally, while the commission devotes a great deal of argument to describing how the National Labor Relations Board calculates the interest portion of a back pay award, the commission nowhere explains the basis for its adoption of seven percent (7%) as the appropriate rate of interest. Instead, again analogizing the present circumstances to a breach of contract action, interest is appropriately calculated to run in the statutory amount pursuant to G.L.c. 231, sec. 6C, as added by St. 1968, c. 763, and later amended by St. 1974, c. 224 §2 and St. 1980, c. 322, §2, from the time of the filing of the complaint of prohibited practice.

Accordingly, pursuant to G.L.c. 30A, sec. 14(7), the award made by the commission is modified by striking therefrom

---

other grounds, 322 F2nd 913, 54 LRRM 2235 (9th Cir., 1963). **Reserve Supply Corp. v. NLRB**, 317 F2nd 785, 789, 53 LRRM 2374 (2nd Cir., 1963). **Florida Steel Corp.**, 231 NLRB No. 117, 96 LRRM 1070 (1977). Moreover, the concern in the **Broadhurst** case about an express intent to subject the Commonwealth as sovereign to liability for interest has much less force when the award runs against a municipality.

3. Apparently the commission does not have this power, at least until it obtains favorable appellate review of its position in some case raising the **Mann v. Cooper** interest question as it arises under the autority of G.L.c. 150E, sec. 11.

the word "tenured" and the provision for interest upon the award and adding in their place the protective order described at pp. 4-5 above with respect to tenure and awarding interest at the statutory rate from the date of the filing of the complaint of prohibited practice. As modified, the decision of the commission is affirmed. It is so ORDERED.

By the Court
**William G. Young**
**Justice of the Superior Court**