SCHOOL COMMITTEE OF NORTON *vs.* NORTON TEACHERS' ASSOCIATION. March 23, 1987. *Arbitration,* Collective bargaining, School committee, Authority of arbitrator. *School and School Committee,* Termination of employment, Collective bargaining, Arbitration. *Contract,* Collective bargaining contract.

This is an appeal by the association from a judgment of the Superior Court vacating that portion of the award of an arbitrator which ordered the reinstatement of a teacher. We reverse.

The teacher, a tenured teacher with fifteen years' experience in the Norton school system, was fired by a unanimous vote of the committee on March 11, 1983. Her termination was based on "inefficiency" due to alcoholism. The decision to terminate is not subject to arbitration in the absence of an agreement by the committee to arbitrate. There has been no such agreement in this case. See *Old Rochester Regional Teacher's Club* v. *Old Rochester Regional Sch. Dist. Committee,* 398 Mass. 695 (1986); G. L. c. 71, §§ 42 and 43A. However, the teacher and the association, the exclusive bargaining agent for teachers in Norton, filed a grievance and ultimately sought arbitration over the alleged inclusion of derogatory materials in the teacher's personnel file in violation of procedures set forth in the collective bargaining agreement. The materials in question were in the teacher's file when the termination decision was made and were expressly relied upon by the committee in reaching its decision to terminate.

Over objection by the committee that he was, in effect, ruling on the teacher's termination, which he recognized he could not do, the arbitrator concluded that the grievance pertaining to evaluation procedures was arbitrable. With respect to the procedures, he decided that the committee had

---

[2] On December 24, 1986, the judgment nisi was affirmed by a panel of this court insofar as it granted the parties a divorce.

violated the agreement a number of times. He concluded that some of the violations were technical in nature and that they could be remedied by a cease and desist order directing the committee to avoid future similar violations. Other violations were found by the arbitrator to be substantial, and he concluded that the teacher should receive back pay and that she should be reinstated. It is clear from the award that the arbitrator was well aware that the teacher has no greater right to continued employment than any other teacher, and that should sufficient information be validly placed in her file to warrant termination the committee could do so immediately.

The scope of judicial review of an arbitrator's decision is very narrow. See G. L. c. 150C, § 11 (a). The committee alleges both errors of law and errors of fact, but the general rule is that "an arbitrator's award may not be vacated on either ground." *School Committee of Waltham* v. *Waltham Educators Assn.*, 398 Mass. 703, 705 (1986). See *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 391 (1973). "Absent fraud [which has not been alleged] the court's inquiry is confined to the question whether the arbitrator exceeded the scope of his reference or awarded relief in excess of his authority. See *School Comm. of West Springfield* v. *Korbut*, 373 Mass. 788, 791-792 (1977). The fact that an arbitrator has been found to have committed an error of law does not, by itself, mean that he has exceeded his authority. *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester*, 392 Mass. 184, 187-188 (1984)." *School Comm. of Waltham* v. *Waltham Educators Assn.*, 398 Mass. at 705-706. Although the committee never articulates the proper standard of review, apparently it claims that the arbitrator both "exceeded the scope of his reference" by passing on the termination when only the teacher evaluation procedures were before him and "awarded relief in excess of his authority" by ordering the teacher's reinstatement.

Before dealing with these questions, some preliminary issues raised by the committee merit brief comment. "We do not review the arbitrator's interpretation of the agreement, since that subject is committed to the arbitrator by the agreement." *School Comm. of Hanover* v. *Curry*, 369 Mass. 683, 685 (1976). Nor will we review the arbitrator's factual findings that several of the violations were substantial. The arbitrator's conclusion that he would not examine the termination decision to ascertain whether the teacher would have been fired even without the material in question was a matter within his protected discretion.

"Clearly, this award is squarely within the reference which raised the issue whether the committee violated [art. IX (relating to teacher evaluation procedures) and art. XI (relating to personnel files)] of the collective bargaining agreement. The award was entirely responsive to that issue in finding a violation." *School Comm. of Waltham* v. *Waltham Educators Assn.*, 398 Mass. at 706. In a forty-eight page opinion, the arbitrator painstakingly considered the material in the teacher's personnel file. However, he refused categorically to consider the committee's reasons, which

are not insubstantial, for wanting to fire the teacher. In fact, the committee's objection before the arbitrator on the question of arbitrability was that the requested award — nullification of its termination vote — would "accomplish by a back door approach what [the association] is directly prohibited from doing by express provisions of the Agreement." Since the committee does not deny that teachers currently employed by the school system may obtain arbitration of claimed violations of the evaluation process and since the arbitrator carefully restricted his investigation to those violations, he did not exceed the reference.

The committee's stronger argument may be that reinstatement is a remedy which exceeds the arbitrator's authority because it negates a decision which the arbitrator admittedly cannot examine directly. While the argument has surface appeal, the question was settled adversely to the committee's position by the Supreme Judicial Court's decision in *School Comm. of West Bridgewater* v. *West Bridgewater Teacher's Assn.*, 372 Mass. 121 (1977). In that case, the committee decided not to renew the contract of a nontenured teacher, a decision in which they possess substantially more discretion than when firing a tenured teacher, as is the situation here. See G. L. c. 71, § 42. An arbitrator determined that the committee had violated the collective bargaining agreement by failing to follow certain teacher evaluation procedures, and he ordered that the teacher be reinstated with back pay and other benefits. A Superior Court judge vacated the award, concluding that a school committee's decision not to renew the contract of a nontenured teacher was not arbitrable. The Supreme Judicial Court reversed, holding that "[a]lthough the decision not to renew the teacher's contract could not properly be submitted to arbitration, the question of the failure of the school committee to adhere to teacher evaluation procedures before making that decision was arbitrable." 372 Mass. at 122-123. The court then specifically considered the scope of an arbitrator's authority if a violation of the evaluation procedures were found. The court concluded that lost compensation could be awarded and that reinstatement would not impinge on a school committee's nondelegable rights. 372 Mass. at 126. As the court said: "The [remedy of] temporary reinstatement . . . does not eviscerate the public policy mandate that a [school committee] evaluate the requisite competence and merit of a teacher . . . . The award merely requires that . . . [the school committee] follow procedures it has agreed to" in the collective bargaining agreement. 372 Mass. at 127, quoting from *Board of Educ., Bellmore-Merrick Cent. High Sch. Dist.* v. *Bellmore-Merrick United Secondary Teachers, Inc.*, 39 N.Y. 2d 167, 173 (1976).

The committee attempts to distinguish the *West Bridgewater* decision in several ways. First, it attempts to minimize its violations of the teacher evaluation process in comparison to those committed by the West Bridgewater committee. However, this is a matter for the arbitrator, and he found that the committee's violations were substantial. Second, it relies heavily on some indication of the teacher's apparent acquiescence in the committee's

evaluation of her performance. However, the arbitrator refused to involve himself in the termination, and the teacher never agreed to the violations of the evaluation process.

Finally, the committee points to language in the *West Bridgewater* decision in which the court expressed a "hope that arbitrators would not award reinstatement of a teacher whose presence, on substantial grounds, would be inappropriate." 372 Mass. at 127. Assuming that this language is in fact limiting, and not merely precatory, the committee argues that the presence of an alcoholic teacher is inappropriate. Even if this language is limiting, any concerns about leaving students vulnerable to the teacher's illness were obviated by the provisions of the arbitrator's award. The right vindicated by the arbitrator was not any right of the teacher to continued employment but rather her right not to be terminated, except on information properly procured. The arbitrator was cognizant of this concern, and he was careful to frame his award in such a way that no entitlement to the position was implied. As he indicated in his decision: "This order in no way is intended to bar any continuing or future committee action based on the presence of contractually licit materials within the grievant's personnel file."[1]

Finally, *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. 651 (1985), the decision expressly relied upon by the Superior Court judge, is not helpful to the committee. In that case, a teacher who had been laid off for economic reasons claimed a right under the collective bargaining agreement to a position that had recently become open. However, the teacher had not been appointed to the requisite category of position by the school committee prior to the lay-off. The arbitrator awarded her the position. The award was vacated, the Supreme Judicial Court holding that "specific appointment determinations . . . are within the exclusive managerial prerogative of a school committee, and thus beyond the scope of collective bargaining." *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. at 655, quoting from *Boston Teachers Local 66* v. *School Comm. of Boston*, 386 Mass. 197, 211 (1982). Similarly, the court in the *West Bridgewater* case held that although an arbitrator could reinstate a nontenured teacher, an arbitrator could not grant her tenure, that right being one within the nondelegable power of the school committee. In this case, the teacher is merely being returned to the position to which the school committee had appointed her, subject to appropriate future action by the committee.

The judgment is reversed. A new judgment is to be entered affirming the award of the arbitrator in its entirety.

*So ordered.*

*Sarah J. Gibson* (*Charles M. Healey, III*, with her) for the defendant. *John P. Lee* for the plaintiff.

---

[1] Moreover, the committee made no showing before the Superior Court that reinstatement of the teacher would be so destructive of good education in Norton that on compelling policy grounds the arbitrator's order should not be enforced.