SCHOOL COMMITTEE OF BOSTON *vs.* BOSTON TEACHERS UNION, LOCAL 66. No. 87-260. October 29, 1987. *School and School Committee,* Transfer of employees, Collective bargaining, Arbitration. *Arbitration,* Collective bargaining, School committee, Authority of arbitrator.

Five teachers who taught at the Timilty and Thompson middle schools in the Boston school system were transferred to other schools when the school committee, after a pilot run, instituted at the Timilty and Thompson schools a program called "Project Promise." Those five teachers protested their transfers and, following submission of the controversy to him, an arbitrator ordered the reinstatement of the teachers at the respective schools where they had originally worked. A judge of the Superior Court granted the school committee's application under G. L. c. 150C, § 11(*a*)(3), to vacate the arbitrator's award. We conclude, as did the judge, that the arbitrator exceeded his authority, but we revise the judgment somewhat.

Project Promise, which the committee inaugurated in the spring of 1986, provides intensive instruction in reading, writing, and arithmetic. Participating students spend an additional ninety minutes in school each day and come to school for three hours on Saturdays. As the program is intense and employs a measure of innovative technique, the school committee determined that it required a staff of particularly skilled and motivated teachers. In recognition of the extra time and special effort involved, Project Promise teachers received extra pay.

All the teaching positions at the Timilty and Thompson schools fell in the Project Promise category. The committee treated those jobs as new openings, i.e., the schools, theoretically, could be entirely re-staffed. All teachers in the school system were invited to apply. The five teachers who lodged the grievances giving rise to this case did not make the cut. They asserted that their seniority at the Timilty and Thompson schools entitled them to priority status for selection to participate in the new program.

At least in the post-arbitration phase of their controversy, the parties do not dispute that the impact of selection of teachers for the new program constituted a negotiable and arbitrable issue under the collective bargaining agreement which then governed. What the committee disputes is so much of the arbitrator's award as requires it "forthwith [to] reinstate the grievants,

in accordance with their seniority, to positions in their respective 'program areas' at the Timilty and Thompson Schools."[1]

The arbitrator's reinstatement order is beyond his authority because it purports to designate grievants "to positions they had not previously occupied and for which the school committee had not found them qualified." *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. 651, 656 (1985). *School Comm. of Peabody* v. *International Union of Elec., Radio & Mach. Workers, Local 294*, 19 Mass. App. Ct. 449, 453-454 (1985). The statutory sources upon which the decisions rest are G. L. c. 71, §§ 37 and 38. See also *Berkshire Hills Regional Sch. Dist. Comm.* v. *Berkshire Hills Educ. Assn.*, 375 Mass. 522, 526-529 (1978); *School Comm. of New Bedford* v. *New Bedford Educators Assn.*, 9 Mass. App. Ct. 793, 800-801 (1980); *School Comm. of Norton* v. *Norton Teachers' Assn.*, 23 Mass. App. Ct. 1002, 1004-1005 (1987). Compare *School Comm. of West Bridgewater* v. *West Bridgewater Teachers' Assn.*, 372 Mass. 121, 122-127 (1977).

Cases involving suspension, dismissal, removal, or termination, upon which the union relies, are not pertinent because the reinstatement awards held to be authorized all involved restoration to jobs which the teachers in those cases had previously held. Those inapplicable cases are *Old Rochester Regional Teachers' Club* v. *Old Rochester Regional Sch. Dist. Comm.*, 398 Mass. 695, 701 (1986); *School Comm. of Waltham* v. *Waltham Educ. Assn.*, 398 Mass. 703, 706 (1986); and *School Comm. of Needham* v. *Needham Educ. Assn.*, 398 Mass. 709, 714 (1986). The arbitrator's award purports to place teachers in positions which are not vacant, which are different from the positions previously occupied by the grievants in terms of the skills and temperament required and for which the grievants were found not to have the necessary qualities to the same degree as those selected. The nondelegable duty of the committee to ascertain the qualifications of teachers to be appointed to positions (G. L. c. 71, § 38) is directly implicated. See *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. at 654-655, and cases cited.

Interpretation of the collective bargaining agreement was properly committed to arbitration. For that reason we do not review so much of the arbitrator's award as determined that: the school committee violated the collective bargaining agreement in the manner in which it (1) introduced Project Promise; (2) failed to qualify the five grievants for participation in it; and (3) assigned them to other duties. *School Comm. of Norton* v. *Norton Teachers' Assn.*, 23 Mass. App. Ct. at 1003. In light of that determination, the arbitrator may consider if any useful remedy, other than reinstatement, ought to be awarded. Affording the grievants priority for selection to other positions for which they apply, and for which they are otherwise qualified, is among the possibilities, but we do not purport to

---

[1] The arbitrator's award anticipated the absorption of the five teachers into the Project Promise program; so much is apparent from the third paragraph of the award which requires the grievants to participate in "relevant in-service training . . . to familiarize themselves with the methods and objectives of Project Promise."

limit the ingenuity of the arbitrator in designing a remedy, if any further remedy is to be invoked.

So much of the judgment as vacated the award of reinstatement is affirmed. The judgment shall be amended to remand the case to the arbitrator, for consideration of a remedy, if any, for the violations of the collective bargaining agreement determined by the arbitrator to have occurred.

*So ordered.*

*James T. Grady* for the defendant.

*Daniel J. Pagnano,* Special Assistant Corporation Counsel, for the plaintiff.