CHARLES MAROTTA *vs.* GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL DISTRICT COMMITTEE. No. 90-P-1052. April 2, 1992. *School and School Committee,* Termination of employment, Tenure. *Contract,* Employment.

In the summer of 1987, Charles Marotta and the Greater New Bedford Regional Vocational Technical High School District Committee (committee) signed a contract employing Marotta as a teacher from September 1, 1987, to August 31, 1988. The contract document, a simple, one-page affair, contained no language that expressly or by implication extended the contract term automatically; it was over on August 31, 1988. The 1987-1988 school year was the third year that the committee had hired Marotta as a full-fledged teacher (he had earlier been employed to do some part-time instructing).

Had Marotta been hired for the 1988-1989 school year, he would have become a tenured teacher. See G. L. c. 71, § 41. Under that statute, if a nontenured teacher is not to be hired for the next school year, the school committee employing that teacher is required, by April fifteenth, to notify the teacher that she or he will not be hired for another year. As to a teacher employed for a third school year, the effect of such a notice would be that the teacher would not attain tenure. See *School Comm. of Danvers* v. *Tyman,* 372 Mass. 106, 112-113 (1977); *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn.,* 12 Mass. App. Ct. 189, 194, 196 (1981), *S.C.,* 386 Mass. 414 (1982). Taking the case of Marotta as illustrative, if the committee did not wish him to attain tenure, it was bound to notify him by April 15, 1988, that he would not be hired for another year. In fact, the superintendant-director of the school wrote to Marotta on March 9, 1988, in behalf of the committee, that it had "voted not to appoint you as Maintenance Specialist Instructor for the school year 1988-89."

Marotta's grievance is that he had received an insufficient number of performance evaluations before the committee notified him that he would not receive a new contract. He reasons thus: the one page contract document contained a provision that it was "subject to the Statutes of the Commonwealth of Massachusetts, and the rules and regulations of the Greater New Bedford Regional Vocational Technical High School District Committee"; the rules and regulations of the committee extant at the time of contracting provided that nontenured teachers were to be evaluated by their supervisors three times during each school year; and he had been

evaluated in writing (on a teacher appraisal form) only once — on February 25, 1988.

If we grant, for the sake of the discussion, that the contract incorporated by reference a personnel policies handbook published by the committee, compare *Jackson* v. *Action for Boston Community Dev., Inc.*, 403 Mass. 8, 13-15 (1988), and that the committee failed to make the requisite number of evaluations, it is hard to know what consequences should flow from that failure. Even if the committee thought Marotta had performed in first class fashion, it was under no legal burden to make him a tenured teacher. *School Comm. of Danvers* v. *Tyman*, 372 Mass. at 112-113. The parties refer to no collective bargaining agreement which bound the committee to a set of guidelines or criteria for making tenure decisions and which might enable an arbitrator to award damages for breach of a governing agreement. Compare *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers' Assn.*, 372 Mass. 121, 125-127 (1977), in which an arbitrator could, within his authority, award damages in the form of back pay for failure by a school department to conform with a collective bargaining agreement. In a literal sense, Marotta may have been wronged by receiving an insufficient number of evaluations, but he cannot show that he has suffered any damage as a consequence. He concedes that he is not entitled to reinstatement to his position.

Although he did so for a different reason, the Superior Court judge rightly awarded summary judgment to the committee. A correct decision may be sustained on appeal on any sound ground. *Doeblin* v. *Tinkham Dev. Corp.*, 7 Mass. App. Ct. 720, 722 (1979).

*Judgment affirmed.*

*David C. Jenkins* for the plaintiff.
*Arthur J. Caron, Jr.*, for the defendant.