Burnes, J.
On December 11, 1998, this matter was before the Court for a hearing on the parties’ cross-motions for summary judgment pursuant to Mass.R.Civ.P. 56. The plaintiff, City ofWorcester (“the City”), instituted this action seeking to vacate an arbitration award, rendered pursuant to a collective bargaining agreement, which ordered the promotion of the defendant, James Nishan (“Nishan”), to the position of police captain with full back pay and benefits. The City moves for summaiy judgment on the grounds that, as a matter or law, the arbitrator exceeded his authority in ordering that Nishan be promoted to captain with full back pay and benefits; the defendants respond that the award was within the authority of the arbitrator. For the following reasons, the decision of the arbitrator is affirmed.
BACKGROUND
The present matter arises out of a dispute between the City and Local 504, International Brotherhood of Police Officers (“the Union”), on behalf of Nishan, a Lieutenant in the Worcester Police Department and Union member. On January 12, 1997, Nishan received a written reprimand from Worcester Police Department Chief Edward Gardella for sexually inappropriate behavior, allegedly occurring on May 20, 1996. Nishan was notified that, although he was placed first on the Civil Service list for a promotion to Captain, he was being by-passed for the position as a result of the reprimand. The Union subsequently filed a grievance on behalf of Nishan which alleged that the discipline was imposed without just cause and further challenged the denial of Nishan’s promotion to Captain. The grievance was filed pursuant to a collective bargaining agreement (“the Agreement”) between the Union and the City. On or about January 26, 1997, the City promoted an individual other than Nishan to the position of Police Captain in the Worcester Police Department. At the time of this promotion, Nishan ranked first on the applicable promotional certification list, while the candidate selected ranked immediately behind Nishan.
On February 25, 1997, the City Manager denied Nishan’s grievance based on the factual merits of the discipline imposed and the non-applicabilily of the collective bargaining agreement’s language regarding the by-pass for promotion. Subsequently, the matter was submitted to arbitration pursuant to a Demand for Arbitration dated March 19, 1997. Prior to this arbitration proceeding, the City instituted the present action which was held in abeyance pending the outcome of the arbitration. The arbitrator concluded that Nishan did not engage in sexual harassment and ordered the written reprimand removed from his file. The arbitrator further found that the denial of Nishan’s promotion was arbitrable and that Nishan should be promoted to the position of Captain, with back pay and benefits.[2]
DISCUSSION
This Court grants summaiy judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976) Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing that there is no genuine issue of material fact on eveiy relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall he granted to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
The City seeks to vacate that portion of the arbitration award which ordered the City to promote Nishan to the position of Captain with full back pay and benefits.[3] The City contends that the award was not within the jurisdiction of the arbitrator because the Agreement precludes arbitration of issues subject to the jurisdiction of the Civil Service Commission and, therefore, the arbitrator exceeded his authority. General Laws c. 150C, §11, provides that this Court shall vacate an arbitration award if the “arbitrators exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law” or if there was no agreement to arbitrate the issue, and the parties seeking to vacate the award raised the appropriate objections in the arbitration proceeding. G.L.c. 150C, §11. This statute provides for a very limited scope of review. School Committee of Waltham v. Waltham Educators Association, 398 Mass. 703, 706 (1986). The fact that an arbitrator has been found to have committed an *536 error of law does not, by itself, mean that he has exceeded his authority. Id. “Absent fraud, the court’s inquiry is confined to the question whether the arbitrator exceeded the scope of his reference or awarded relief in excess of his authority.” Id., citing School Comm. of W. Springfield v. Korbut, 373 Mass. 788, 791-92 (1977).
As grounds for its contention that the issue of Nishan’s promotion was not arbitrable, the City points to the language of the Agreement between the parties which it claims deprives the Union of the ability to arbitrate the promotional by-pass issue. The Agreement precludes arbitration for any dispute subject to the jurisdiction of the Civil Service Commission. The Agreement provides as follows:
For purposes of this Agreement, the term “grievance” shall be defined to be any actual dispute between the parties hereto, concerning the interpretation, application’ or enforcement of the terms of this Agreement. . . The foregoing, notwithstanding, any dispute subject to the jurisdiction of the Civil Service Commission or any Retirement Board, or any matter which is or has been filed before any administrative agency shall not be subject to the grievance procedure.
The City says this dispute is subject to the jurisdiction of the Civil Service Commission by virtue of G.L.c. 31, §27. Section 27 provides, in sum, that the appointing authority may appoint a person only from a list of three names certified as eligible and, if the appointing authority does not select the first person on the list (and that person is willing to accept the appointment), file a written statement of reasons for not appointing the first person. The Civil Service Commission may review such decisions. See Bielawski v. Personal Administrator of the Division of Personnel Administration, 422 Mass. 459 (1996); MacHenry v. Civil Service Commission, 40 Mass.App.Ct. 632 (1996). The parties may bargain for and agree to greater protection than that provided by Section 27.
The grievance filed by the Union on behalf of Nishan set forth a claim that the City had violated a long standing practice of promoting the number one ranked candidate to vacant positions. The Union claims, as the arbitrator found, that this long standing practice is protected pursuant to Article 28 of the Agreement which provides that the “[AJgreement shall not be construed to deprive an employee of any benefits or protection . . . presently enjoyed by the employee.” This “Protection of Existing Benefits” language, the Union claims, entitles it to bring the promotional by-pass issue to arbitration for a hearing on the merits.
The Appeals Court, in an unpublished memorandum and order pursuant to its Rule 1:28, concluded that G.L.c. 31, the civil service statute, does not conflict with a city’s policy to promote the top ranked candidate. City of Worcester v. Local 1009, International Assoc. of Firefighters, 3 2 Mass.App.Ct. 1122 (1992) (“Local 1009”). The Appeals Court, in Local 1009, recognized that bargaining to promote the top ranked candidate did not violate §27 nor its purpose to secure the best qualified persons available for the position. Id. at 4. The Court also noted that, “(w]hile the decision whether to fill the . . . vacancy at all belonged solely to the city, Somerville v. Somerville Mun. Employees Assn., 20 Mass.App.Ct. 594, 597 (1985), the city’s means of filling that vacancy could properly be ‘the subject of an enforceable provision in a collective bargaining agreement.’ ” Id. at 5, quoting Boston v. Boston Police Superior Officers Fedn., 29 Mass.App.Ct. 907, 908 (1990).[4]
In the present case, the parties bargained for and engaged in a practice of promoting the top ranked candidate from the civil service-list pursuant to the collective bargaining agreement. That the Agreement provides that a “dispute subject to the jurisdiction of the Civil Service Commission” is not arbitrable is not dispositive. The Civil Service Commission lacks jurisdiction to consider the violation of a long-standing past practice to promote the candidate who is ranked first on the promotional list. In reviewing personnel decisions, the Civil Service Commission looks to merit standards and public policy in determining whether to intervene in an appointment. G.L.c. 31, §2(b); Cambridge v. Civil Service Commission, 43 Mass.App.Ct. 300, 304 (1997). In an arbitration proceeding, the arbitrator looks to the collective bargaining agreement between the parties. Nishan is not alleging a violation of G.L.c. 31, §27; he is challenging the City’s alleged violation of a protected benefit pursuant to the collective bargaining agreement. Whether such a benefit has been established by past practices of the City, and whether there has been a violation, are matters within the jurisdiction of the arbitrator and not the Civil Service Commission.[5]
In its brief, the City argues that promotional issues are reserved to the City pursuant to the Management Rights article of the Agreement; however, while it is true that the City retains managerial control over such things as staffing levels, assignments, and definition of duties, see Boston v. Boston Police Patrolmen’s Assn., Inc., 41 Mass.App.Ct. 269, 272 (1996), “the means of implementing managerial decisions . . . may be the subject of an enforceable provision in a collective bargaining agreement.” City of Boston v. Boston Police Superior Officers Fedn., 29 Mass.App.Ct. 907, 908-09 (1990). That is the case here.
The dispute was arbitrable; the arbitrator did not exceed his authority. The award ordering the Union to promote Nishan to Captain with full back pay and benefits was entirely appropriate, perhaps the only appropriate remedy, given the arbitrator’s finding that the City violated Nishan’s rights under the Agreement by not promoting him.
*537 ORDER
For the reasons set forth above, it is hereby ORDERED that the defendants’ Motion for Summary Judgment is ALLOWED, and the plaintiffs Motion for Summary Judgment is DENIED.

The arbitrator’s findings were as follows:
1. The reprimand dated January 13, 1997 issued to Lt. James Nishan was in violation of the collective bargaining agreement, Lt. James Nishan did not engage in sexual harassment on or about May 20, 1996. The reprimand dated January 13, 1997 shall be removed from his file.
2. The denial of Lt. James Nishan’s promotion is arbitrable.
3. Lt. James Nishan was denied promotion in violation of the contract.
4. Lt. James Nishan shall be promoted to the position of Captain, with back pay and other benefits.
5. The arbitrator retains jurisdiction over the remedy.

The City is not appealing the arbitrator’s decision with regard to the reprimand and alleged misconduct which generated the discipline.

In its brief, the City argued that the recent case of Town of Shrewsbury v. AFSCME Council 93 (Local 1708), Civil No. 1973, 8 Mass. L. Rftr. 543 (Worcester Super. Ct. May 26, 1998), compels a decision in its favor. This case, however, is not persuasive. In Town of Shrewsbury', the court, in holding that the case did not require binding arbitration, noted that the matter at issue, the termination of a provisional employee, was outside the scope of the collective bargaining agreement and that the civil service laws were directly on point. In the present case, and as the arbitrator found, the practice of promoting the top ranked candidate was within the scope of the Agreement.

 In his discussion, the arbitrator noted that the evidence demonstrated that, of 91 promotions over a period of many years within the Police Department, all but two went to the number one person on the civil service list. The two exceptions include the present case and another in which the by-passed officer agreed to the promotion of the lower candidate.