SCHOOL COMMITTEE OF SOUTHBRIDGE *vs.* ROBERT BROWN.

Worcester. April 5, 1978. — June 20, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Arbitration. School and School Committee. Contract*, Collective bargaining contract. *Municipal Corporations*, Collective bargaining.

Under the terms of a collective bargaining agreement, a school committee's decision to deny a school teacher a sabbatical leave was arbitrable with respect to whether the decision involved an inequitable or unfair application of the provisions of the agreement. [505-506]

CIVIL ACTION commenced in the Superior Court on April 14, 1977.

The case was heard by *Alberti, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Sandra C. Quinn (Brian A. Riley* with her) for the defendant.

*Matthew R. McCann (James F. Cosgrove* with him) for the plaintiff.

WILKINS, J. The defendant (Brown), a fifth grade school teacher, appeals from an order staying arbitration of his grievance that the school committee improperly denied his request for a sabbatical leave. We granted Brown's application for direct appellate review.

Brown claims that the school committee agreed in a collective bargaining agreement to arbitrate any grievance concerning the denial of a sabbatical leave. The school committee replies that it did not agree to arbitrate such an issue, and that, even if it did, the grant or denial of sabbatical leaves is a subject vested by G. L. c. 71, § 41A, exclusively in school committees and cannot be delegated to an arbitrator for decision. We conclude that the school committee did not

agree to arbitration of decisions denying sabbatical leaves, but that it did agree to arbitration of claims that it inequitably or unfairly applied the provisions of the collective bargaining agreement concerning sabbatical leaves.

The collective bargaining agreement provides that "[s]abbatical leave may be granted to members of the Southbridge Teachers' Association by the Superintendent of Schools for approved scholarly programs" subject to certain conditions.[1] One condition was that "[n]o more than 3 (three) members of the teaching staff shall be absent on sabbatical leave at any one time." The collective bargaining agreement imposed a variety of obligations on the school committee, including provisions concerning filling of vacancies, evaluating teacher performance, making certain payroll deductions, and, of course, paying salaries and giving fringe benefits. A grievance is defined as "any alleged violation, misinterpretation or inequitable or unfair application of the provisions of this Agreement." The agreement provides four levels for resolution of grievances, culminating in arbitration of grievances not otherwise satisfactorily resolved.

In September, 1976, Brown applied for a sabbatical leave for the following school year to do a project in the field of anthropology. The superintendent of schools recommended that the application not be approved, and on November 2, 1976, the school committee voted to deny the application. Brown filed a grievance under the collective bargaining agreement, demanding that "the decision . . . be reversed and the sabbatical leave be granted." The school committee and the superintendent denied that the matter was subject to the grievance procedure but agreed to process the grievance and did so. The school committee voted to deny the grievance. Brown requested arbitration, and the school committee commenced this action under G. L. c. 150C,

---

[1] General Laws c. 71, § 41A, empowers a school committee, not a superintendent of schools, to grant a leave of absence for study to any teacher on certain conditions. The parties have treated the agreement as providing for decisions by the school committee on all requests for sabbatical leaves.

§ 2 (*b*) (2), to stay the arbitration proceeding. Section 2 (*b*), inserted by St. 1959, c. 546, § 1, provides that "the superior court may stay an arbitration proceeding commenced or threatened if it finds . . . (2) that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration and [if it finds that] disputes concerning the interpretation or application of the arbitration provision are not themselves made subject to arbitration."[2]

The question for decision is whether the claim which Brown seeks to arbitrate states "a controversy covered by the provision for arbitration" in the collective bargaining agreement. A request for arbitration of a grievance should not be treated with the precision expected of formal court pleadings, but we are unable to determine from Brown's grievance whether he is claiming a "violation," or a "misinterpretation," or an "inequitable or unfair application" of the provisions of the collective bargaining agreement, or some combination of these. We assume that Brown makes a claim under one or more of these conditions.

We recognize that our function is not to decide the merits of an arbitrable matter. That is the function of the arbitrator. *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 115 (1977). *Greene* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 563 (1972). *United Steelworkers* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960). It is, however, the proper function of a court to determine whether the parties agreed to arbitrate a particular dispute. This is a matter of the intention of the parties. Because the language of the collective bargaining agreement is clear on the issue before us, we do not decide whether there is a presumption of arbitrability or of nonarbitrability in public sector collective bargaining agreements.[3]

---

[2] The collective bargaining agreement contained no provision for arbitration of disputes concerning the interpretation or application of the arbitration provision.

[3] The Court of Appeals of New York has rejected any suggestion that, where public employees are involved, a presumption of arbitrability

The collective bargaining agreement gives the school committee discretion in granting sabbatical leaves. This is consistent with G. L. c. 71, § 41A, which, subject to certain conditions, gives school committees discretion to grant leaves of absence for study. Because the collective bargaining agreement gives the school committee discretion on this subject, unlike many other matters, a decision to deny a sabbatical leave by itself does not violate the agreement. In the absence of explicit contrary language, discretionary decisions are not "violations" subject to arbitration under the collective bargaining agreement involved here. We draw support for our interpretation of the collective bargaining agreement from the provision that no more than three teachers may be on sabbatical leave at any one time. If each sabbatical leave determination was intended for ultimate review and decision by an arbitrator, this numerical limitation might be thwarted.

Nor did the parties intend that a discretionary decision concerning a sabbatical leave might be a "misinterpretation" of the agreement, and thus arbitrable. We find no basis in this case for finding any misinterpretation of the agreement which would warrant arbitration. Brown makes no such claim, and we find no possible implication of a misinterpretation of the agreement arising from the discretionary denial of sabbatical leave.

On the other hand, the grievance may involve an "inequitable or unfair application" of the provisions of the collective bargaining agreement. Although Brown's grievance is not expressed in these terms, the parties agreed to arbitration of questions of the equitable and fair application of the terms

---

should be applied, concluding that a "clear, unequivocal agreement" to arbitrate is required before arbitration is compelled. *Superintendent of Schools of Liverpool Cent. School Dist.* v. *United Liverpool Faculty Ass'n*, 42 N.Y.2d 509, 514 (1977).

Parties to collective bargaining agreements involving public employees, particularly public school teachers, should give close attention to the terms of arbitration clauses in order to define precisely which subjects are and which are not intended for arbitration.

of the agreement. Such an agreement does not intrude into the school committee's prerogative. *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 795-796 (1977), and cases cited. Brown is entitled to have his sabbatical leave application appraised in good faith and on equal terms with all others. See *Associated Teachers of Huntington, Inc.* v. *Board of Educ., Union Free School Dist. No. 3*, 33 N.Y.2d 229, 233 (1973).

We do not consider now what relief might be appropriate if the arbitrator should determine that the school committee did not consider Brown's application fairly. An application to stay arbitration proceedings should not be allowed simply because a particular remedy which might be ordered, such as direction to grant the sabbatical leave, arguably might intrude on the nondelegable authority of a school committee. See *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 113-114 (1977); *Dennis-Yarmouth Regional School Comm.* v. *Dennis Teachers Ass'n*, 372 Mass. 116, 117 (1977). We do not now decide whether decisions to grant sabbatical leaves are functions, like tenure decisions, which a school committee may not agree in advance to delegate for ultimate decision by an arbitrator (see *School Comm. of Boston* v. *Boston Teachers Local 66*, 372 Mass. 605, 613-614 [1977], and *School Comm. of Danvers* v. *Tyman, supra* at 112), or whether an arbitrator may ever order the granting of a sabbatical leave where a school employee was unfairly treated in his application for such a leave.

Brown's claim for arbitration does not disclose the basis for his grievance. We are thus unable to determine that arbitration of his grievance must be enjoined. We reverse the order allowing the motion to stay arbitration and remand the case for entry of an order staying arbitration except as to whether the school committee's decision denying Brown a sabbatical leave involved an inequitable or unfair application of the provisions of the collective bargaining agreement.

*So ordered.*