Burnes, J.
This action is brought by plaintiffs, pursuant to G.L.c. 150C, §11, to vacate an arbitration award reinstating defendant, Angel Navedo, to his position of guidance counselor with the Worcester Vocational Technical School System. Defendants have moved to dismiss the complaint, asserting, inter alia, the plaintiffs have failed to state a claim upon which relief may be granted. The matter is before this court on defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, defendants’ motion is ALLOWED and the arbitration award is AFFIRMED.
BACKGROUND
A summary of the allegations contained in the complaint are as follows. The matter in question involves an allegation of sexual misconduct by Angel C. Navedo (“Navedo”), a fifty-six (56) year-old guidance counselor and Student Council Advisor. In March 1997, while chaperoning a group of Vocational High School students on a Student Council overnight outing, Navedo was alleged to have made sexually harassing comments and physical contact with one of the students, a seventeen-year-old student. The alleged sexual misconduct occurred in Navedo’s motel room while he was alone with the student. A complaint by the student triggered an investigation by the City of Worcester (the “City”).
Navedo was an employee of the Worcester Vocational School System (the “System”). Navedo, like other employees of the System, was represented by the Worcester Vocational Teachers Association (the “Union”) and/or the Education Association of Worcester, MTA/NEA (the “EAW”) in collective bargaining with the City.
On May 7, 1997, the City notified Navedo of its intent to terminate his employment with the System. Navedo and the Union met with the City on June 12, 1997, to allow Navedo and the Union to present information pertaining to the basis for the City’s decision and Navedo’s status. Effective August 28, 1997, Navedo was terminated. Subsequent to his termination, Navedo and the Union requested arbitration pursuant to the terms of the collective bargaining agreement between the Union and the City, and pursuant to G.L.c. 71, §42. The parties agreed the arbitration issue was: “(w]as there just cause for the termination of Mr. Navedo? If not, what shall be the remedy?”
On November 24, 1997 and February 26, 1998, testimony was taken before the appointed arbitrator. The arbitrator filed a forty-three (43) page opinion (the “Opinion”) accompanied by a one page award (the "Award”) on June 29, 1998.
In the Award,[3] the arbitrator determined there was no just cause to terminate Navedo. Consequently, he reinstated Navedo’s employment, after assessing him discipline equivalent to the term of one school year suspension without pay. Further, the arbitrator gave the System the option of requiring Navedo attend a program or course or training in sexual harassment, and the option of removing him from involvement in official activities, such as his role of Student Council Advisor, where he might be off the school grounds and alone with students.
On July 1, 1998, the City transferred control and operation of the System to plaintiff, the Worcester School Committee.
Pursuant to G.L.c. 150C, §11, the plaintiffs commenced this action to vacate the arbitrator’s award. Defendants have moved to dismiss this action. The court makes the following determinations accepting what plaintiffs’ complaint says is true.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs’ favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
In applying Mass.R.Civ.P. 12(b)(6) standards to an arbitrator’s award, the court’s scope of review is limited. “Absent fraud, the court’s inquiry is confined to the question [of] whether the arbitrator exceeded the scope of his reference or awarded relief in excess of his *576 authority." School Comm. of Waltham v. Waltham Educators Association, 398 Mass. 703, 705-06 (1986). Further, the court may also look at whether the arbitrator’s award “offends public policy.” Massachusetts H’way Dept. v. American Fed’n of State, County and Mun. Employees, 420 Mass. 13, 16 (1995). The public policy that the award is alleged to offend must be well defined, dominant and ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests. Id. citing W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 766 (1983).
In their complaint, plaintiffs rely on two grounds to request this court vacate the Award, namely that the arbitrator’s determination exceeded his powers (G.L.c. 150C, §11), and that the Award violates public policy set forth in the teacher dismissal statute (G.L.c. 71, §42).
A. The Arbitrator’s Determination
Plaintiffs allege the arbitrator exceeded his authority when he disregarded the provisions of the teacher dismissal statute in fashioning the Opinion and Award. Defendants argue, on the contrary, that the Award is supported by the opinion that evaluates and analyzes all the evidence presented to the arbitrator. Further, defendants point out that plaintiffs have not alleged any fraud, arbitrary conduct or procedural irregularity to support their claim.
Here, where there is no allegation of fraud in the procedure or that the arbitrator exceeded the scope of his reference, the court’s inquiry is limited to whether the arbitrator exceeded his authority in making the award. School Committee of Waltham v. Waltham Educators Association, 398 Mass. 703, 706 (1986). See G.L.c. 150C, §11 (1984 ed.) (in pertinent part, the court “shall vacate an award if . . . the arbitrator! ] exceeded [his] powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law”). The arbitrator’s authority is governed by provisions of G.L.c. 150E, §8 (1996 ed.), which authorizes establishment of a grievance procedure in collective bargaining agreements between public employers and their employees. Section 8 provides for resolution of grievances and the election of arbitration in matters involving “suspension, dismissal, removal or termination" of public employees. School Comm. of Waltham v. Waltham Educators Association, supra, and cases cited. It is settled that arbitrators should be given flexibility in making an award. Teachers Local 66 v. School Comm. of Boston, 370 Mass. 455, 467-68 (1976). Further, an arbitrator does not exceed his powers by awarding teacher reinstatement after arbitration. Needham v. Needham Educ. Ass’n, 398 Mass. 709, 714 (1986), School Comm. of W. Bridgewater v. West Bridgewater Teachers Ass’n, 372 Mass. 121, 126 (1977), Bradley v. School Comm. of Boston, 372 Mass. 53, 59 (1977).
A review of the Opinion shows the arbitrator appropriately identified the issue referred to him, i.e. whether there was just cause to terminate Navedo, and that he analyzed the evidence before him and the relevant language in the collective bargaining agreement. The forty-three page opinion outlines and recounts the testimony and exhibits from two days of hearings, the positions asserted by both plaintiffs and defendants, as well as a review of some of the elements of “just cause. ” The Award specifically finds “there was no just cause for the termination of Mr. Navedo ...”
Plaintiffs’ objection, while framed in terms that the arbitrator exceeded his powers, is actually a claim that the arbitrator committed errors of law and fact. The court may not consider this claim as it may not vacate the Award on errors of law or fact. Trustees of Boston & Me. Corp. v. Massachusetts Bay Transp. Auth., 363 Mass. 386, 391 (1973).
B. Public Policy
Plaintiffs further contend the Award offends the public policy set forth in the teacher dismissal statute, G.L.c. 71, §42 (1996 ed.). To support this contention, plaintiffs direct the court to this statute’s language which provides, in pertinent part, “the arbitrator shall consider the best interests of the pupils in the district and the need for elevation of performance standards.” Defendants argue that while Navedo’s behavior may have been inappropriate, there is nothing in the statute that requires teachers be terminated for inappropriate conduct.
Assuming arguendo that the public policy is well defined, dominant and ascertainable, the court must determine whether the Award in fact violates either of the two public policy standards allegedly violated by the Award. The court’s analysis of the Opinion and the Award is guided by the principle that “if an award is permissible, even if not optimal for the furtherance of public policy goals, it must be upheld.” Massachusetts Highway Dep’t v. American Fed’n of State, County & Mun. Employees, supra at 19.
1. Best interests of the pupils
Plaintiffs argue the best interests of the pupils are not served by reinstatement of Navedo. For example, plaintiffs assert that conditions placed on Navedo’s reinstatement, namely that the System is able to limit his contact with students in off-campus, off-hour settings, demonstrates the arbitrator’s concerns for future misconduct by Navedo. Plaintiffs argue such concerns warrant removal of Navedo from his position of guidance counselor where his everyday contact with students is necessarily in a private environment.
On the other hand, defendants direct the court to language from the decision to demonstrate the arbitrator considered the best interest of the pupils throughout the decision. Moreover, defendants suggest that plaintiffs fail to allege any detail or list as to *577 how or why the arbitrator failed to consider the pupils’ best interest, because plaintiffs’ claim lacks merit.
The court is in agreement with defendants. The arbitrator faced what he described as “almost a classic problem in credibility assessment.” He determined “the physical contact was of an inept and relatively innocent nature as opposed to a predatory, sexual attack.” Keeping this characterization of Navedo in mind, the conditional reinstatement of Navedo does not demonstrate the arbitrator failed to consider the best interest of the pupils. This court cannot substitute its judgment for that of the arbitrator. Trustees of Boston & Me. Corp. v. Massachusetts Bay Transp. Auth., supra.
2. Elevation of performance standards
Plaintiffs contend the arbitrator did not address the issue of teacher performance standards. They argue the issue is left to conjecture as the text of the Opinion lacks evidence that the arbitrator ever considered the need to elevate teacher performance. Defendants assert that Navedo was a sixteen (16) year employee of the System with a long record of exemplary service.
On the contrary, in the Discussion section of the Opinion the arbitrator finds, “Mr. Navedo had amassed a professional record which should be the envy of any one in his chosen field. He had received awards and accolades both for his activities directly related to the School and for outside activities involving a variety of community organizations.” It appears the arbitrator determined that performance standards for guidance counselors would not be compromised by reinstatement of Navedo as a guidance counselor. Further, plaintiffs have not referred the court to any part of the Opinion that demonstrates the arbitrator considered Navedo’s reinstatement might lower teacher standards.
The court’s review of the Award is limited, and unless the Award violates the alleged policy of elevating teacher standards, this court cannot substitute its judgment for that of the arbitrator. Trustees of Boston & Me. Corp. v. Massachusetts Bay Transp. Auth., supra. Public policy does not require teacher discharge. Here, public policy was sufficiently vindicated through the one-year suspension without pay, and with the conditions imposed on Navedo’s reinstatement. The Award, while perhaps not optimal, is permissible in light of the public policy. Massachusetts Highway Dep’t v. American Fed’n of State, County & Mun. Employees, supra at 19.
From the foregoing, it is clear the arbitrator was faithful to his obligations. See Concerned Minority Educators of Worcester v. School Committee of Worcester, 392 Mass. 184, 187-88 (1984) (where arbitrator’s award, drawing its essence from the agreement, was upheld even though his conclusion demonstrated an error of law). The Award neither exceeded the arbitrator’s authority nor violated public policy, and so it is upheld.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) be ALLOWED. The arbitration award is therefore AFFIRMED.

Specifically, the Award provides: “That there was not just cause for the termination of Mr. Navedo and he is reinstated effective the date of this Award but without any back pay. The period from the August' 18, 1997 termination, to the date of this Award, will be treated as a disciplinary suspension without pay. The City may, at its choice, (1) require that Mr. Navedo attend a program/course/training in Sexual Harassment and/or (2) remove Mr. Navedo from involvement in any official activities, such as Advisor to the Student Council, which would require that he be officially interacting with students off of the school facilities and alone. I leave to the City and School Officials the decision as to whether to implement either of these options.”