Kaplan, Mitchell H., J.
The plaintiff Massachusetts Board of Higher Education/Roxbury Community College (the “College”) concluded that its employee, Anthony Fuccione, a laboratory technician, had violated its policies prohibiting sexual harassment and retaliation or intimidation of a person reporting sexual harassment. As discipline for these actions, it terminated Fuccione. Fuccione is a member of the defendant American Federation of State, County and Municipal Employees, Council 93 (the “Union”). The Union grieved Fuccione’s termination pursuant to the procedures set out in its collective bargaining agreement with the College (the CBA). Following an arbitration hearing, the arbitrator issued an award ordering Fuccione reinstated to his position of lab technician following a period of suspension without pay. The case is before the court on the College’s motion to vacate/modify the arbitrator’s award and the Union’s cross motion to affirm it. For the following reasons, the College’s motion is DENIED and the Union’s is ALLOWED.
BACKGROUND
The relevant factual and procedural background to the issues presented by these cross-motions can be summarized as follows.
At the time at which the events that give rise to this action occurred, Fuccione had been a lab technician at the College for 18 years. A food service worker alleged that, on January29,2008, Fuccione intentionally rubbed his genital area against her buttocks, and on the following day, January 30, 2008, concerned that she had reported this conduct to College management, Fuccione made retaliatory or intimidating statements to her to cause her to withdraw her complaint. These allegations were reported to the College, which immediately placed Fuccione on paid administrative leave. Thereafter, the College conducted an investigation. On June 4, 2008, the College informed Fuccione that it had concluded that Fuccione had violated its policies against sexual harassment and retaliating against or intimidating a person reporting sexual ha *434 rassment and that he was discharged from employment pursuant to Article 28 of the CBA.
The College’s sexual harassment policy states, in relevant part:
If it is determined that a violation of policy has occurred, the College will take such action as is appropriate under the circumstances. Such action may range from counseling to termination from employment or expulsion for the College. Such disciplinary action shall be consistent with the appropriate collective bargain agreement.
The Union grieved Fuccione’s termination. The grievance proceeded to arbitration. At arbitration, the parties stipulated that there were two issues for resolution by the arbitrator: Did the college have “just cause” under Article 28 to terminate Fuccione and “(i]f not, what shall be the remedy?”
After an evidentiary hearing, the arbitrator found that the College had not proved that Fuccione had sexually harassed the food service worker on January 29th, but had proved that he committed a violation the sexual harassment policy on January 30th, when Fuccione tried to convince her not to pursue any action because of the events of January 29th. The arbitration award stated that the College did not have just cause to terminate Fuccione and ordered that he be reinstated, but without back pay: the period from June 8, 2008 to April 23, 2010 (the date of the award), were to “be considered a disciplinary suspension without pay.”
DISCUSSION
The College seeks to vacate the award in this case under G.L.c. 150C, §11(a)(3), which provides in pertinent part that: “The superior court shall vacate an award if. . . (3) the arbitrators exceed their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law.” “Judicial review of arbitration awards is extremely limited . . . However, the question whether an arbitrator exceeded his or her authority is always subject to judicial review.” Massachusetts Board of Higher Education v. Massachusetts Teachers Assoc., 79 Mass.App.Ct. 27, 31 (2011) (“Mass Board”) (internal citations and quotations omitted). The College argues that, in this case, (1) the arbitrator exceeded his authority by ordering Fuccione reinstated, and (2) the order of reinstatement violated public policy.
1. G.L.c. 15A, §22
“Section 22 of G.L.c. 15A, inserted by St. 1991, c. 142, §7, specifically delegates to the community college administrators the responsibility to ‘appoint, transfer, dismiss, promote and award tenure to all personnel of said institution.’ ” Id. at 32. In Mass Board, the Appeals Court commented that “(a]n arbitrator exceeds his authority when he intrudes upon decisions that cannot be delegated, but that are instead left by statute to the exclusive managerial control of designated public officials.” Id. It went on to reflect on the need to allow college administrators to exercise judgment in evaluating and hiring faculty and awarding tenure. Id. at 33.
Read literally, G.L.c. 15A, §22, would make any decision by a community college to dismiss one of its employees “nondelegable” and therefore beyond the authority of an arbitrator to modify when grieved by a union — notwithstanding the provisions of a collective bargaining agreement, such as the CBA, which give a union the right to grieve a disciplinaiy termination on the grounds that it was “without just cause.” In Mass. Board, the Appeals Court provided the following commentary on the “principle of nondelegability”:
An arbitrator exceeds his authority when he intrudes upon decisions that cannot be delegated, but that are instead left by statute to the exclusive managerial control of designated public officials. This gloss on public sector collective bargaining statutes is deemed necessary in order that the collective actions of public employees do not distort the normal political process for controlling public policy. However, the principle of nondelegability is to be applied only so far as is necessary to preserve the college’s discretion to carry out its statutory mandates. Thus, although the principle applies to the administration of community colleges, unless the arbitrator’s decision infringed on an area of educational policy reserved for the exclusive judgment of the administrators of the college, it cannot be disturbed.
Id. at 32 (citations and quotations omitted).
The question then is whether the termination of a lab technician when the College finds that he violated its sexual harassment policy is a discretionary act which cannot be delegated to an arbitrator because it is at the core of the College’s statutory mandate to manage essential educational functions of the institution.[1] In Board of Higher Education v. Massachusetts Teachers Association, NEA, 62 Mass.App.Ct. 42 (2004) (“Mass Teachers”), the Appeals Court held that a community college was constrained to follow the processes mandated in a collective bargaining agreement in refusing to permit a teacher to teach in its Division of Graduate and Continuing Education as a disciplinary measure, and that failure to do so entitled the teacher to damages. While that case is not directly on point, it stands for the proposition that a college can through a collective bargaining agreement constrain its discretion in the area of disciplining teachers. In the instant case, Fuccione was a lab technician, not a teacher, and he had been employed at the College for 18 years when the incidents that led to his termination occurred. The court finds that the decision whether to discipline Fuccione for a single episode of sexual harassment by suspending him or terminating him does not go to a core function of a community college’s mission and such that the College’s discretion cannot *435 be constrained by the CBA. Were there no collective bargaining agreement subjecting the College’s discretionary action to the grievance procedure, it certainly would have been free to terminate Fuccione, but there is a CBA, and the College agreed to limit its discretion to terminate employees. While the CBA might not override employment decisions regarding faculty members or which touch upon the education of the College’s students, the decision to terminate a lab technician with 18 years of service does not involve the kind of considerations that inherently go to the College’s educational mission.
It may be noted that in this case the arbitrator found that the College had not proved that an incident of sexual harassment occurred on January 29th, although intimidation or retaliation did occur the following day. Therefore, one of the factual underpinnings for the College’s decision to terminate Fuccione was reversed by the arbitrator’s factual findings. This certainly buttresses the arbitrator’s decision to reduce Fuccione’s discipline from termination to suspension without pay; however, it would appear that the CBA permitted arbitration of the question whether the College had “just cause” to terminate an employee who was not directly involved in core educational functions, regardless of the specific grounds for termination. Therefore, unless this employee held a position central to the educational mission of the College or its relationship with its students, this is the type of arbitral decision, addressing the appropriate discipline for an employee who violates a policy, that is generally not subject to reconsideration by the courts. See School Comm. of Waltham v. Waltham Educators Assoc., 398 Mass. 703, 708 (1980).
2. PUBLIC POLICY
The College also asserts that the arbitrator’s decision should be vacated because it violates public policy. The court acknowledges that the prevention of sexual harassment is a very important public policy. See, Mass Teachers, 62 Mass.App.Ct. at 51. Nonetheless, the court cannot find that the Award, which imposed a two-year suspension without pay on Fuccione for his violation of the College’s policy rather than termination, violates a “well defined and dominant public policy,” especially where the College’s sexual harassment policy expressly provides for a range of disciplinary actions for its violation and that “disciplinary actions would be taken in accordance with applicable collective bargaining agreements.” Massachusetts Highway Dept. v. American Federation of State, County and Mun. Employees, Council 93, 420 Mass. 13, 20 (1995).
ORDER
For the foregoing reasons, the College’s motion to vacate/modify the Award is DENIED and the Union’s cross motion to affirm the Award is ALLOWED. Final judgment to enter.

As noted above, the College’s sexual harassment policy leaves it with discretion to take appropriate action for a violation that “may range from counseling to termination.”