NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11640

TOWN OF ATHOL  vs.  PROFESSIONAL FIREFIGHTERS
OF ATHOL, LOCAL 1751, I.A.F.F.


October 23, 2014


Fire Fighter, Municipality's liability.  Labor, Fire fighters,
    Health benefit plan, Arbitration, Collective bargaining.
    Municipal Corporations, Fire department, Insurance,
    Collective bargaining.  Public Employment, Collective
    bargaining.  Contract, Collective bargaining contract.



     This appeal arises from an action in the Superior Court
challenging an arbitrator's determination that the town of Athol
(town) violated its collective bargaining agreement (CBA) with
the Professional Firefighters of Athol, Local 1751, I.A.F.F.
(union) by unilaterally increasing copayment amounts that union
members pay for medical services under their health insurance
plans.  The judge confirmed the portion of the arbitration award
compelling the parties to bargain collectively over changes to
copayment rates, but vacated two remedial aspects of the award.
The Appeals Court affirmed.[1]  We granted the union's application

_____

     [1] The town did not appeal or cross-appeal from the judgment
of the Superior Court.  Accordingly, the Appeals Court declined
to revisit issues concerning collective bargaining over changes
to copayment rates.  See Fortin v. Ox-Bow Marina, Inc., 408
Mass. 310, 323 (1990).  We denied the town's application for
further appellate review and, like the Appeals Court, decline to
revisit those issues.  Matter of Saab, 406 Mass. 315, 329 n.15
(1989).  See Boston Edison Co. v. Boston Redev. Auth., 374 Mass.
37, 43 n.5 (1977) ("Although a party may defend a judgment on
any ground asserted in the trial court, failure to take a cross

for further appellate review to address the question whether the Superior Court judge erred in vacating any portion of the award. We reverse in part and remand for the entry of a judgment confirming the award in its entirety.

Background.  After the town unilaterally increased copayment amounts for medical services, the union filed a grievance under the parties' CBA.  It alleged that health insurance benefits are mandatory subjects of collective bargaining, and that any changes must be brought to successor contract bargaining.  An arbitrator concluded that such changes are a mandatory subject of collective bargaining and that the town violated the CBA by making the changes unilaterally.  As a remedy, the arbitration award required the town, among other things, to restore the cost and structure of copayments to the status quo ante and to make union members whole for economic losses resulting from the change in copayment rates.  The town filed a complaint in the Superior Court seeking to vacate the award and for other relief.

Discussion.  Except in the narrow circumstances described in G. L. c. 150C, § 11, a judge may not vacate an arbitrator's award.  Bureau of Special Investigations v. Coalition of Pub. Safety, 430 Mass. 601, 603 (2000).  In this case, the focus of judicial review was on "whether the arbitrator . . . awarded relief in excess of [her] authority."  School Comm. of Waltham v. Waltham Educators Ass'n, 398 Mass. 703, 705-706 (1986).  See G. L. c. 150C, § 11 (a) (3).  As the party challenging the arbitration award, it was incumbent on the town to demonstrate both a factual and a legal basis for its claim that the award was in excess of the arbitrator's authority.  See, e.g., Fazio v. Employers' Liab. Assur. Corp., 347 Mass. 254, 257 (1964).

The town alleged that the arbitrator exceeded her authority by directing successor contract collective bargaining.  The Superior Court judge rejected that claim but concluded that the arbitrator exceeded her authority in two other respects -- by ordering restoration of prior rates of contribution, and by requiring restitution -- because compliance with those portions of the award would require the town to violate uniformity provisions of G. L. c. 32B, § 7A (requiring uniformity of contribution rates for indemnity health care plans among employees of a governmental unit).  There is no dispute,

---

appeal precludes a party from obtaining a judgment more favorable to it than the judgment entered below").

however, that G. L. c. 32B, § 7A, applies only to plans of indemnity health insurance. General Laws c. 32B, § 16, applies to health maintenance organization (HMO) plans. See Yeretsky v. Attleboro, 424 Mass. 315, 317 (1997). The parties point to no finding that the plans at issue in this case -- identified as Blue Cross Blue Choice and HMO Blue -- were indemnity plans. The issue apparently was not raised before the arbitrator. Absent a finding that the plans were indemnity plans, there was no basis for the Superior Court judge's conclusion that reinstating prior rates of contribution, or making restitution to the union for economic losses, required the town to do an act prohibited by that statute. It was therefore error to vacate those provisions of the award on that basis.

Although the town argues that it was not required to engage in successor contract collective bargaining concerning changes to copayment rates, the arbitrator found otherwise, and the Superior Court judge did not find that she exceeded her authority in that respect. The town did not appeal. We therefore need not, and do not, address that contention, and express no opinion as to the substantive merits of the arbitrator's decision in that regard. See note 1, supra.

Conclusion. The portions of the arbitration award ordering a return to the status quo ante and requiring restitution should have been confirmed. We vacate so much of the Superior Court judgment that allowed in part the town's motion for summary judgment, and remand for the entry of a judgment confirming the arbitration award in its entirety.

So ordered.

Ian O. Russell for the defendant.
Albert R. Mason for the plaintiff.